```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
POLARIS IMAGES CORPORATION,         :
                                    :    18 Civ. 3875 (VM)
                    Plaintiff,      :
                                    :
     - against -                    :    DECISION AND ORDER
                                    :
CABLE NEWS NETWORK, INC.,           :
                                    :
                    Defendant.      :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

On April 30, 2018, plaintiff Polaris Images Corporation ("Polaris") filed a complaint alleging copyright infringement against defendant Cable News Network, Inc. ("CNN"). (See "Complaint," Dkt. No. 1.) The claim arises out of an article on the topic of "racial fluidity" that ran on CNN's website and featured a photograph of a woman named Rachel Dolezal -- who was "born white but now identifies as black" -- that Ms. Dolezal had licensed to Polaris. (Id. at 2-3, Ex. C at 3.) By letter dated June 29, 2018, CNN indicated its intent to move to dismiss the Complaint for failure to state a claim, asserting the affirmative defense of fair use. (See Dkt. No. 11.) On July 3, 2018, Polaris voluntarily dismissed the Complaint without prejudice. (See Dkt. No. 12.)

CNN then moved for an award of attorneys' fees. (See Dkt. No. 15; "Fees Brief," Dkt. No. 16.) CNN argues that Polaris's copyright claim was facially frivolous and the

1

conduct of its counsel was unreasonable and vexatious, justifying an award of fees under 28 U.S.C. Section 1927 and the Court's inherent authority. (See Fees Brief at 4-9.) In the alternative, CNN argues that the Court should award fees because CNN is the "prevailing" party in this action, within the meaning of that term as used in 17 U.S.C. Section 505. (Id. at 12-15.)

Polaris opposed the motion. (See Dkt. No. 20.) It argues that a fees award is not warranted, because Polaris's copyright claim was at least colorable and was not made for an improper purpose. (Id. at 4-18.) Polaris also argues that a fees award is not warranted under 17 U.S.C. Section 505, because CNN did not "prevail" in this action and Polaris's claim was objectively reasonable. (Id. at 18-24.)

In reply supporting its motion for attorneys' fees, CNN argues that Polaris's voluntary dismissal of the Complaint does not necessarily shield it from an attorneys' fees award, and Polaris's claim was clearly frivolous and calculated to exact a nuisance value settlement. (See Dkt. No. 22 at 2-3.) CNN also argues that, under CRST Van Expedited, Inc. v. EEOC, 136 S. Ct. 1642 (2016), it can be a "prevailing" party for the purposes of the Copyright Act, even without a disposition of Polaris's claim on the merits. (Id. at 7.)

For the reasons set forth below, CNN's motion is DENIED.

The Court first considers whether to award attorneys' fees pursuant to 28 U.S.C. Section 1927 and the Court's inherent authority. The Court may require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To do so, the Court must also find clear bad faith. See Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986). The same standard applies when the Court invokes its inherent power to sanction an attorney. See id.

The Court agrees with Polaris that Rule 41 of the Federal Rules of Civil Procedure gave it an "unfettered right" to dismiss the Complaint because CNN had not yet answered or moved for summary judgment. Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d 110, 114-15 (2d Cir. 2009) (quoting Thorp v. Scarne, 599 F.2d 1169, 1175 (2d Cir. 1979)); see also Fed. R. Civ. P. 41(a)(1)(A)(i) ("Rule 41(a)(1)(A)(i)"). Even assuming that a voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) can ever constitute sanctionable conduct, the Court does not find a sufficient showing of bad faith to deem Polaris's conduct sanctionable. The Court notes that Polaris

dismissed the Complaint little over two months after filing it, and did not request the Court's intervention in the interim. Hence, even if Polaris's counsel may well have engaged in sharp practice with his adversary during the short lifetime of this case -- indeed, both sides appear to have threatened to move for sanctions under Rule 11 of the Federal Rules of Civil Procedure -- Polaris's counsel did not burden the Court by "multipl[ying] the proceedings," a threshold requirement to warrant sanctions. See 28 U.S.C. § 1927. Rather, the case was resolved with relative dispatch and without the Court's assistance.

The Court notes, however, as have others in this District, that Polaris's counsel, Mr. Richard Liebowitz of the Liebowitz Law Firm, PLLC, is a repeat player as plaintiff's counsel in hundreds of copyright actions and that counsel's practices in some of those cases have raised concerns that test the limits of the Court's presumption of good faith. See, e.g., Pereira v. 3072541 Canada Inc., 17 Civ. 6945, 2018 WL 5999636, at *3 (S.D.N.Y. Nov. 15, 2018) ("The Court finds particularly concerning Mr. Liebowitz's repeated failures to follow the orders and rules of this Court and others within the district, as well as his propensity to take unreasonable positions and to omit crucial facts -- or

4

even to make outright misrepresentations -- in an apparent attempt to increase costs and extort unwarranted settlements."); McDermott v. Monday Monday, LLC, 17 Civ. 9230, 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018) (labeling Mr. Liebowitz "a known copyright 'troll'").

Although the preceding findings obviate further analysis, the Court also notes that it does not find CNN's affirmative defense of fair use so obviously correct as to warrant sanctioning Polaris's copyright claim as frivolous, especially given that the fair use defense has not actually been adjudicated.

The Court next turns to whether CNN is the "prevailing" party in this action, and hence entitled to an award of attorneys' fees on that basis. Under Section 505 of the Copyright Act, courts "may award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. For a litigant to be "prevailing party," as Congress uses that term in fee-shifting statutes, a "material alteration of the legal relationship of the parties" must have occurred. CRST, 136 S. Ct. at 1646 (quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 789 (1989)). Such a "change must be marked by 'judicial imprimatur.'" Id. (quoting Buckhannon Bd. & Care Home, Inc.

v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001)).

Here, Polaris exercised its option to dismiss the Complaint pursuant to Rule 41(a)(1)(A)(i). Such a dismissal does not require court action to be effective. See ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98, 111 (2d Cir. 2012). Accordingly, although the Court did So-Order Polaris's voluntary dismissal on July 6, 2018 for the sake of completeness (see Dkt. No. 14), the dismissal was legally effective when filed on July 3, 2018. (See Dkt. No. 12.) The Court therefore finds that the relevant alteration of the parties' legal relationship occurred without the Court's involvement when Polaris filed its voluntary dismissal. Hence that alteration was not the sort of "judicially sanctioned change" that constitutes a precondition to prevailing-party status. See CRST, 136 S. Ct. at 1646 (quoting Buckhannon, 532 U.S. at 604-05). The Court therefore finds that CNN was not a prevailing party for the purposes of the attorneys' fees provisions of the Copyright Act, obviating analysis of whether an award of counsel fees is warranted.

## ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the motion filed by defendant Cable News Network, Inc. for an award of attorneys' fees (Dkt. No. 15) is **DENIED**.

**SO ORDERED.**

Dated:   New York, New York
         6 March 2019

                                             _____
                                             Victor Marrero
                                                  U.S.D.J.